# WASHINGTON *vs.* THE STATE OF GEORGIA.

1. On a trial for an assault with intent to murder, the court need not charge the jury on the law of stabbing unless requested so to do. It was enough that the law of assault with intent to murder, and the law of assault and battery was given to the jury—the actual stabbing having been done by another than the defendant.
2. A woman was present at the stabbing with a knife by another, and furnished the knife with which it was done. She said to the actual perpetrator of the crime, " Martha, come, shell that God damned nigger, and get clear of her ; get your satisfaction : "

*Held*, that these facts made such person a principal in the second degree.

Criminal Law. Charge of Court. Before Judge TOMPKINS. Chatham Superior Court. December Term, 1881.

Grace Washington was indicted for assault with intent to murder. On the trial, the evidence for the state was in brief, as follows :

The prosecutrix, Rosa Green, lived in the same house with Martha Shelman. On coming home one day about 1 o'clock, she found that Martha and defendant, who was with her, had eaten some of her meat ; a quarrel ensued between these three, Martha and defendant taking sides against the prosecutrix, telling her to leave the house, and using abusive language towards her. Rosa went out and returned at night, when the three meeting again in the room, the difficulty again arose among them. Grace remarked to Martha, " Martha, come shell that God damned nigger, and get rid of her." She also told Martha to "get her satisfaction." Martha stabbed Rosa in the neck with a pocket knife, which had been given to her by Grace, the defendant. Rosa was rescued by the timely intervention of one William Jenkins, who was sleeping in the room.

The evidence for the defence was as follows : The de-

fendant's statement denied all connection with the diffi-culty; one witness (Martha) was introduced, who testified that the quarrel was between Rosa and herself, and the defendant had nothing to do with it. The jury found a verdict of guilty. The defendant moved for a new trial on the following grounds :

(1.) Because the verdict was contrary to the law and evidence.

(2.) Because the court erred in not charging the jury the law as to the offence of stabbing under section 4369 of the Code of Georgia.

(3.) Because the court erred in charging the jury that if defendant was present when the injury was inflicted upon Rosa Green, and encouraged the commission of the injury, then she is equally guilty, though she made no attempt to strike or cut Rosa Green.

The court overruled the motion, and the defendant ex-cepted.

FRASER & WILSON, by brief, for plaintiff in error.

W. G. CHARLTON, solicitor general, for the state.

JACKSON, Chief Justice.

1. On the trial for an assault with intent to murder, the court need not charge the jury on the law of stabbing unless requested. It is enough that the law of assault with intent to murder be fully given to the jury, and the law in respect to assault and battery—the actual stabbing having been inflicted by another.

2. One who is present, aiding and abetting the stabbing by another, having herself attempted to stab with another knife, and having furnished the knife with which the stab-bing was actually done, and having said to the actual per-petrator of the crime, " Martha, come shell that G—d d—n nigger and get clear of her"; " get your satisfaction," is a principal in the second degree; evidence to the effect

above stated will support a verdict of guilty; and when the presiding judge approves it, this court will not interfere.

.Judgment affirmed.